IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Nicholas John Grossi, | ) | Civil Action No. 6:14-3226-DCN-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| J. Reuben Long Detention Facility | ) | |
| and Officer Morgan, *of JRLDC*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      The plaintiff is a pre-trial detainee at the J. Reuben Long Detention Facility in Conway, South Carolina.  In the above-captioned case, the plaintiff has brought suit, pursuant to 42 U.S.C. § 1983, against the J. Reuben Long Detention Facility and an officer for negligence relating to two inmate attacks upon him on or about April 10, 2014, and for failure to provide medical care to him for injuries allegedly sustained in the attacks (doc. 1 at 2).  The plaintiff states that he filed a grievance at the end of April 2014, but he has not received a response (doc. 1 at 2).

      In the "STATEMENT OF CLAIM" portion of the Section 1983 complaint, the plaintiff alleges:  (1) on or about April 10, 2014, he was assaulted, struck in the face, and "relentlessly beaten" by an inmate in the direct presence of Officer Morgan (doc. 1 at 3); (2) no action was "made" by Officer Morgan to stop the beating (doc. 1 at 3); (3) the inmate who attacked the plaintiff was able to go to his room upstairs and come back down to beat up the plaintiff again: (4) no action was taken by Officer Morgan on the second assault (doc. 1 at 3); (5) the plaintiff is not sure of the inmate's name and the "jail" refuses to  help him obtain more information (doc. 1 at 3); (6) the plaintiff was "beaten badly" by the inmate twice in two minutes (doc. 1 at 3); (7) the plaintiff suffered "serious" injuries, which included a torn rotator cuff, massive head contusions, a sprained back, and partial blindness in the left eye

(doc. 1 at 3–4); (8) Officer Morgan "neglected his duty" to stop the assault (doc. 1 at 4); (9) proper medical attention was not given (doc. 1 at 4); (10) the officer was not reprimanded (doc. 1 at 4); (11) the plaintiff "will be affected by this incident for the rest of [his] life due to the negligence of the officer" (doc. 1 at 4); (12) the entire incident "is on video," which shows that the officer had several chances to use non-lethal force to stop the brutal assault (doc. 1 at 4); (13) the officer "froze up, and due to him not doing his job," the plaintiff will be affected for the rest of his life (doc. 1 at 4); (14) the plaintiff was "waiting on help" from a lawyer, which the plaintiff never got, and has filed this case now (doc. 1 at 4); (15) the plaintiff is "somewhat afraid" of the staff at the jail (doc. 1 at 4); and (16) the plaintiff is not a "paranoid person" (doc. 1 at 4).

In his prayer for relief, the plaintiff seeks various types of relief. Specifically, the plaintiff requests: (1) that the officer be "properly reprimanded" and the facility held accountable for the negligence, which left the plaintiff handicapped; (2) a "monetary settlement" for future medical treatment; (3) the plaintiff wants "people" to see the video, where the plaintiff was beaten extensively; (4) the plaintiff wants the officer and facility to be held accountable for their actions, just as the plaintiff is being incarcerated for his actions; and (5) the plaintiff also seeks monies for "future Medical Debts due to this incident" (doc. 1 at 5).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007) (*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading

2

to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The J. Reuben Long Detention Center ("Detention Center") is subject to summary dismissal because it is not a "person" subject to suit pursuant to 42 U.S.C. § 1983. The Detention Center is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983, *see Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008) (collecting cases), and is, therefore, therefore, entitled to summary dismissal as a party defendant.

The plaintiff alleges negligence on the part of Officer Morgan, who allegedly "froze" when the plaintiff was attacked by the inmate (doc. 1 at 3–4). Negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n. 3 (1986); and *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987). "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989) (Due Process Clause of the Fourteenth Amendment does not transform every tort committed by a state actor into a constitutional violation).

Furthermore, although detention facilities must not be deliberately indifferent to the serious medical needs of pre-trial detainees, *see Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee."), there is no allegation or indication in the complaint that Officer Morgan is responsible for providing medical care to the plaintiff. Hence, Officer Morgan should be dismissed with respect to the plaintiff's medical care claims. *Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, at *2 (D.S.C., July 25, 2007).

3

This federal court cannot reprimand Officer Morgan. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.

August 19, 2014                                  s/ Kevin F. McDonald
Greenville, South Carolina                  United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

5